UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JACOLBY POUNCY | CIVIL ACTION NO. 14-cv-3346 |
| VERSUS | JUDGE FOOTE |
| CITY OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Jacolby Pouncy ("Plaintiff"), represented by attorney Lee Harville, filed this civil action against Shreveport Police Officer Nations, Chief Willie Shaw, and the City of Shreveport. Plaintiff alleged in his complaint that he was observing the arrest of a relative and exercising his constitutional rights when Officer Nations made a derogatory remark about Plaintiff's rights and slammed Plaintiff to the ground, breaking Plaintiff's jaw. Plaintiff was arrested and charged with possession of marijuana and disturbing the peace by fighting.

About four months after this action was filed, and before any defendant had filed an answer, attorney Harville filed a motion to withdraw as counsel and allow Plaintiff to proceed as a self-represented party. Harville cited unspecified irreconcilable issues in the attorney-client relationship. A copy of the motion was served on Plaintiff.

The court issued an order (Doc. 4) that granted the motion to withdraw. The order stated that Plaintiff was "strongly encouraged to retain new counsel" and granted him one month, until May 21, 2015, to either (1) enroll new counsel to represent him in this case or (2) file with the court a written statement that he intends to represent himself. The order

warned: "Failure to take one of those steps prior to May 21, 2015 may result in Plaintiff's case being dismissed, without further notice, for failure to prosecute." The docket sheet indicates that a copy of the order was mailed to Plaintiff.

The May 21, 2015 deadline has passed, but there has been no action of record by Plaintiff or an attorney acting on his behalf. The court provided ample time for Plaintiff to secure new counsel or indicate his desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court that he desires to proceed on his own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of June, 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge